IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANTOIN GARRISON. | Crim. Action No. CCB-11-0688<br>Civil Action No. CCB-16-125 |

## MEMORANDUM

Now pending is petitioner Antoin Garrison's motion to correct sentence under 28 U.S.C. § 2255. The motion is fully briefed and no oral argument is necessary. Local Rule 105.6. For the reasons that follow, the court will deny Garrison's motion.

## BACKGROUND

On May 21, 2013, petitioner Antoin Garrison was convicted by a federal jury on three counts of possession of ammunition or a firearm (One, Two, and Four); one count of possession of cocaine with intent to distribute (Three); and one count of possession of a firearm in furtherance of a drug trafficking crime (Five). Verdict, ECF 55.

On January 22, 2014, because he was found to have three qualifying prior convictions, he was sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), to the mandatory minimum of 180 months to run concurrently on Counts One, Two, Three, and Four, Judgment, ECF 73. A consecutive 60-month sentence was imposed as required on Count Five, for a total of 240 months. *Id*. On appeal, Garrison raised issues regarding (1) whether his motion for judgment of acquittal on Count Five should have been granted; (2) whether his motion for continuance should have been granted; (3) whether the defense request for a jury instruction on entrapment should have been granted; and (4) whether Garrison's prior 1984 Maryland state conviction for

1

robbery with a deadly weapon should have been counted as a qualifying predicate offense under the ACCA.[1] On May 13, 2015, the Fourth Circuit upheld the district court in all respects, affirming the convictions and sentence in an unpublished per curiam opinion. CA4 Judgment, ECF 93.

On January 12, 2016, on behalf of Garrison, the Federal Public Defender's Office filed a motion to correct sentence under 28 U.S.C. § 2255 in light of *Johnson v United States*, 576 U.S. 591 (2015) arguing that his robbery conviction was not a "crime of violence." Mot., ECF 97.[2]

A motion to stay was granted on March 1, 2016. Order, ECF 101. On October 7, 2019, Garrison filed, pro se, a motion to supplement his 2255 petition. Mot. to Supp., ECF 106. In that document he raised (1) the alleged invalidity of his firearm convictions under *Rehaif v. United States*, 139 S. Ct. 2191 (2019); (2) the alleged ineffective assistance of counsel in failing to investigate witnesses who might have been able to support his entrapment defense; (3) the court's alleged improper consideration of commentary to the Sentencing Guidelines in connection with the conviction for possession of cocaine with intent to distribute; and (4) that a cumulative error analysis should be applied to the ineffective assistance of counsel claim. Mot. to Supp. A supplemental *Rehaif* motion was filed by defense counsel, Supp., ECF 109, but subsequently the *Rehaif* claims were dismissed and withdrawn. Notice of Dismissal, ECF 110; Order, ECF 111; Corr. Requesting Dismissal, ECF 114.

## ANALYSIS

The 2255 claims in the motion and supplement are now ready for a ruling. First, while it

---

[1] The fourth argument was based on the alleged lack of documents sufficient under *Shepard v. United States*, 544 U.S. 13, 26 (1995).
[2] The two other predicates, for "serious drug offenses" under Maryland law, were not challenged at that time. The court is aware they are at issue in Garrison's pending Motion for Compassionate Release. *See* Mot., ECF 112; Supp., ECF 119; Opp'n, ECF 122.

has not explicitly been dismissed, the *Johnson* claim cannot prevail following the Fourth Circuit's ruling that Maryland robbery constitutes a violent felony. *United States v. Johnson*, 945 F.3d 174, 181 (4th Cir. 2019); *United States v. Bell*, 901 F.3d 455, 469-72 (4th Cir. 2018). Second, Garrison's claim that he identified (unnamed) witnesses to defense counsel who could have supported his entrapment defense is not sufficient to meet the standard under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). These alleged witnesses are not identified, nor is there any explanation of how they could have supported his defense. The court notes that the entrapment issue was litigated by counsel and affirmed by the Fourth Circuit; Garrison offers nothing specific to show he could have prevailed at trial. Third, the issue of invalid consideration of commentary to the Guidelines is not cognizable on a 2255 motion, and is procedurally defaulted because it was not raised on direct appeal; nor has Garrison shown any way in which the commentary improperly affected the court's sentence. Fourth, there is no need to consider the cumulative error analysis because no ineffective assistance has been shown.

## CONCLUSION

Accordingly, the motions to correct and vacate Garrison's convictions and sentence, Mot.; Mot. to Supp., will be denied by separate Order. No certificate of appealability will be issued.

|  |  |
|---|---|
| __11/28/2023__ | _____/s/_____ |
| Date | Catherine C. Blake |
|  | United States District Judge |